Michael R. Marrinan (SBN 90484)
Attorney at Law
LAW OFFICES OF MICHAEL R. MARRINAN
225 Broadway, Suite 1460
San Diego, CA 92101
Telephone:  (619) 238-6900
Facsimile:  (619) 238-1097
E-mail: mrmarrinan@aol.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| MORGEN JOHNSON and ZANA LICHT,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, RICHARD MEHARG, KENNETH FEISTEL, and DOES 1-20,<br><br>Defendants. | Case No. **'14CV0616 LAB KSC**<br><br>**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**<br><br>1. 42 U.S.C. § 1983--Civil Rights Violations<br>2. 42 U.S.C. § 1983–Unlawful Policies, Customs or Habits |
|---|---|

Plaintiffs allege:

## JURISDICTION

1. This is a lawsuit for money damages and is brought pursuant to 42 U.S.C. § 1983, et seq., and the Fourth Amendment to the United States Constitution, for personal injuries and violation of constitutional rights by defendant County of San Diego and its sheriff's deputies, Richard Meharg and Kenneth Feistel.  Jurisdiction is founded on 28 U.S.C. Section 1331 and 1343 and the aforementioned statutory and constitutional provisions.

## GENERAL ALLEGATIONS

2.  Plaintiffs are and were at all material times mentioned herein residents of the County of San Diego, State of California.

3.  At all times mentioned herein defendants Meharg and Feistel were employees of defendant County of San Diego and in doing the acts hereinafter described acted within the course and scope of their employment.  The acts of all defendants and each of them, were also done under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California. The individual defendants named above are sued individually and in their capacities as employees of the County of San Diego.

4.  Defendant County of San Diego is a public entity existing under the laws of the State of California and is the employer of the individual defendants named above.

5.  The true names or capacities whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 20 are unknown to Plaintiffs, who therefore sue said defendants by said fictitious names.  Plaintiffs will amend this complaint to show said defendants' true names and capacities when the same have been ascertained.  Plaintiffs are informed and believe and thereon allege that all defendants sued herein as DOES are in some manner responsible for the acts and injuries alleged herein.

6.  Plaintiffs are informed and believe and therefore allege that at all times mentioned herein each of the defendants was the agent, servant and/or employee of each of the remaining defendants and were, in doing the acts herein alleged, acting within the course and scope of this agency and/or employment and with the permission, consent and authority of their co-defendants and each of them, and each is responsible in some manner for the occurrences hereinafter alleged; and that Plaintiffs' injuries were proximately caused by the actions of each.

## FACTUAL ALLEGATIONS

7.  Plaintiffs Morgen Johnson and Zana Licht are husband and wife.  They have been married for 19 years.  They are both law abiding citizens who live in a ranch style home in an unincorporated area of the County of San Diego near the border of El Cajon and La Mesa.  Mr. Johnson is a licensed contractor and runs his own business.

8.  On October 18, 2014 Plaintiffs were at their home.  Mr. Johnson came home from work at approximately 7:00 p.m.  Ms. Licht was preparing dinner and they had dinner together.

9.  Ms. Licht went to bed after 10:00 p.m.  Mr. Johnson was in another room paying bills and working on finances related to his contracting business.  Mr. Johnson became distraught over his financial condition.  Ms. Licht hears him crying.  Later, he begins throwing things and yelling at himself.  This continues for several minutes.  Ms. Licht tries to console him.  Mr. Johnson explains to his wife that it is not about her.  He is upset about his business and finances.  Ms. Licht returns to her bedroom.

10.  Hearing the noise, a neighbor calls the police.  San Diego Sheriff's Deputies Meharg, Feistel and Reed respond to the scene.  The deputies walk up to Plaintiffs' home and hear the noise.  Defendant Feistel has his police dog with him.

11.  Ms. Licht sees lights outside her home and eventually hears pounding on her front door.  She hears someone near the front door announce "sheriff's deputies."  Ms. Licht tells her husband that the police are here and he must calm down and follow her outside to talk with the deputies.  The pounding on the front door continues.

12.  Plaintiffs do not answer the front door because it is sealed shut and is not used as a front door.  (Plaintiffs enter and exit their home through the attached garage which adjoins the kitchen.)

3

13.   Ms. Licht goes back to her bedroom and puts on a pair of pants, as she is wearing only a tank top.  She then walks to the kitchen, telling her husband to follow her, which he does.  Ms. Licht then enters the garage, turns on the light and immediately opens the garage door via the automatic garage door opener.  Mr. Johnson has stopped at the kitchen sink.  He washes his hands, dries them and wipes his face.

14.   When Ms. Licht opens the garage door flashlights are immediately shined on her by one or more sheriff's deputies.  She hears the police K-9 barking.  Recognizing that the deputies may be concerned about domestic violence due to the noise, Ms. Licht immediately holds out her arms, tells the deputies everything is okay and she is not injured.  She tells the deputies that her husband has not harmed her, he is just upset at himself.

15.   One of the deputies tells Ms. Licht to exit the garage and come to him near the front door.  Ms. Licht tells the deputy she cannot do so, because she is barefoot, there are dead bees on the driveway and she is very allergic to bee stings.

16.   Moments later Morgan Johnson enters the garage from the kitchen door.  He is wearing only a pair of shorts.  He is not wearing a shirt and is barefoot.  The deputies shine their flashlights on him from the driveway which is completely dark.  The deputies can clearly see him but, because of the lights shining on him from the dark driveway, Mr. Johnson cannot see the deputies.  Mr. Johnson has nothing in his hands, which the deputies can plainly see.  Mr. Johnson raises his hands, palms out, so the deputies can see them.  He tells the deputies that they are not needed, and they should leave.  He says nothing threatening and does not move from his position a few feet from the kitchen door.

17.   Within seconds of Mr. Johnson entering the garage and telling the deputies to leave, defendant Meharg rushes at him, grabs him and slams him onto the cement floor in the garage.  Mr. Johnson is completely surprised and is unable to break his fall.  His face smashes onto the cement, causing a severe head injury.

4

18.  Mr. Johnson is face down on the ground, not moving, with his hands under him.  Deputy Reed puts his body weight on Mr. Johnson's legs, preventing him from moving his legs.  Deputy Meharg begins punching Mr. Johnson in the face and torso.  Blow after blow hits Mr. Johnson in the face, head and ribs. Deputy Feistel sics his police dog on Mr. Johnson, guiding the dog with a one foot leash.  The dog viciously bites Mr. Johnson in the side of his neck, causing a large gash right next to the carotid artery.  Deputy Feistel also directs the dog to Mr. Johnson's ear, and the dog begins biting and tearing Mr. Johnson's ear, nearly part of it off.   The dog also bites Mr. Johnson in the head, just above the forehead. The dog also bites the back of Mr. Johnson's neck.  Then the dog bites Mr. Johnson's back, multiple times.  At no time during this vicious attack did Deputy Feistel call the dog off, pull him away or in any way stop the dog from repeatedly biting Mr. Johnson and tearing at his flesh.  Within seconds Mr. Johnson is covered in blood, in shock.

19.  As his dog is attacking Mr. Johnson, Defendant Feistel pulls out a large police flashlight and begins beating Mr. Johnson on the back and side with the flashlight.  He continues reigning blows onto Mr. Johnson's back, 10-20 blows, as his dog continues to bite and tear at Mr. Johnson's flesh.  Throughout this attack, Mr. Johnson is not fighting or resisting.  He is in shock and barely conscious.

20.  As the dog continues to bite and tear at Mr. Johnson's face, neck and head, Deputy Meharg begins kicking Mr. Johnson in the face and head, *multiple times*.  He shoots Mr. Johnson with a taser as well.

21.  Ms. Licht sees the deputies and the K-9 attacking her husband.  She yells at them to stop, but they don't.  She is panicked and horrified, afraid that the deputies are going to kill her husband.  She sees blood pouring out of her husband's face and head.  From the moment his face hit the cement floor, Mr. Johnson is barely conscious and helpless against this vicious attack.  Mr. Johnson is handcuffed and arrested, despite the fact he has committed no crime and there is

5

no probable cause to believe that he has.  Mr. Johnson is forced to sit up in handcuffs, with blood pouring from his wounds.  Paramedics are called, but the deputies do nothing to ease Mr. Johnson's pain, stop the bleeding or otherwise administer any type of first aid.

22.  By now numerous additional deputies are on the scene.  Ms. Licht is distraught, watching as her husband is bleeding and awaiting medical attention. Defendant Meharg tells Ms. Licht he wants to search her house.  Ms. Licht says no, not after what you have done to my husband.  Defendant Meharg pushes Ms. Licht against a car, handcuffs her, and tells her she better let them in her house or she will be going to jail.  Ms. Licht reluctantly agrees, and the handcuffs are removed.  Eventually, deputies force Ms. Licht to go inside her home with them, despite the fact she wants to remain with her husband and go to the hospital with him.  Ms. Licht is questioned inside the house, while deputies search and take photographs, without a warrant or her consent.

23.  When the paramedics arrive Mr. Johnson is put on a gurney, but the defendants refuse to remove the handcuffs.  Mr. Johnson is taken to the hospital, where he remains for four days.  Throughout his time in the hospital, the deputies keep him handcuffed and under guard, because they have arrested him for a felony of violently resisting arrest, a charge that is completely fabricated in an effort to cover up the excessive force used by the deputies.  Because her husband is "in custody" while in the hospital, Ms. Licht is not allowed to visit him.

24.  Once released from the hospital, Mr. Johnson is booked into the county jail on the false felony charge and a second false charge, resisting arrest.  Finally, Ms. Licht is able to post bail and get her husband released.

25.  Mr. Johnson was severely injured in this vicious attack.  He suffered the following injuries:

a.  multiple, complex fractures of his right orbital area.  This includes fractures of the maxillary sinus involving the medial, lateral and anterior walls, as

well as a fracture of the inferior wall of the right orbit.

    b.  spinal fracture at L-2, mildly displaced;

    c.  large laceration of the left side of the neck;

    d.  laceration of the back of the neck;

    e.  laceration of the head;

    f.  large laceration of the ear, tearing nearly half of the ear off;

    g.  four fractured ribs, partially displaced;

    h.  spinal fracture at L-2, partially displaced;

    i.  punctured and collapsed lung;

    j.  fractured nose;

    k.  upper lip laceration.

    26.  Mr. Johnson underwent several surgical procedures as a result of these injuries.  These included:

    a.  open reduction internal fixation of the right orbital complex fractures. This included placement of two metal plates, each with five screws, to repair the complex orbital fractures above and below the right eye;

    b.  repair of the 18 cm left side neck laceration with several skin staples;

    c.  repair and reconstruction of the right ear near-transection with numerous stitches;

    d.  placement of drainage catheter into left lower lung to repair punctured and collapsed lung;

    e.  repair of upper lip laceration with multiple stitches.

    27.  The force and violence used by defendants which resulted in these injuries was wholly unnecessary, unjustified and grossly excessive.  Nothing justified the violent, vicious and grossly excessive force used by these defendants.

    28.  Defendants wrote false and/or inaccurate police reports, falsely claiming that Mr. Johnson violently assaulted and resisted the deputies.  These false reports were designed to cause the District Attorney to charge Mr. Johnson

with a felony offense and a misdemeanor offense, in an effort to get Mr. Johnson convicted and preclude him from bringing a civil suit for the injuries and damages defendants inflicted on him.  These false reports were successful in causing the District Attorney to file a felony case against Mr. Johnson.  Mr. Johnson was forced to hire an attorney, expending thousands of dollars in legal fees.  For well over a year Mr. Johnson was forced to defend these false charges.  Finally, the case went to trial before a jury in San Diego Superior Court.  In short order, the jurors unanimously found Mr. Johnson "not guilty" of all charges.

29.  As a result of this incident, Mr. Johnson suffered the injuries described above.  Mr. Johnson suffered severe pain, suffering and emotional distress from these injuries.  He has incurred over $100,000 in medical bills, and has permanent scars.  Ms. Licht suffered emotional distress as a result of the unlawful acts described above, including the unlawful search and seizure on her property, the unreasonable manner in which the search and seizure was conducted,  and the unlawful seizure of her person.

## FIRST CAUSE OF ACTION

[42 U.S.C. § 1983 Violations – Against Defendants

Meharg and Feistel]

30.  Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 29 above as though fully set forth herein.

31.  As a result of the acts alleged above, particularly the unlawful arrest of Plaintiff Morgen Johnson, Plaintiff Morgen Johnson was unlawfully seized by defendants.  This unlawful seizure violated Plaintiff's constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution.  As a result, Plaintiff Morgen Johnson is entitled to damages pursuant to Title 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

32.  As a result of the acts alleged above, particularly the unlawful

8

detention of Plaintiff Zana Licht without reasonable suspicion, Plaintiff Zana Licht was unlawfully seized by defendants.  This unlawful seizure violated Plaintiff's constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution.  As a result, Plaintiff Zana Licht is entitled to damages pursuant to Title 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

33.  As a further result of the acts alleged above, particularly the unjustified and unnecessary use of force on Plaintiff Morgen Johnson, Defendants used unreasonable, unjustified and excessive force upon Plaintiff Morgen Johnson. This unreasonable and excessive force constituted an unlawful seizure of Mr. Johnson, in violation of his constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution.  As a result, Plaintiff Morgen Johnson is entitled to damages pursuant to Title 42 U.S.C. § 1983 in an amount to be proven at trial.

34.  As a further result of the acts alleged above, particularly the act of being detained (Plaintiff Zana Licht) and being arrested and subjected to uses of force (Plaintiff Morgen Johnson) by defendants in retaliation for speech that was lawful and protected by the First Amendment, Plaintiffs suffered violations of their right to freedom of speech as guaranteed by the First Amendment to the United States Constitution, as well as violation of their  Fourth Amendment rights against unreasonable seizure.   As a result, Plaintiffs are entitled to damages pursuant to 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

35.  As a further result of the acts alleged above, particularly Defendants' acts of defendants of filing false and/or inaccurate police reports which caused Plaintiff Morgen Johnson to be charged with false criminal violations, Plaintiff Morgen Johnson suffered a false and/or malicious prosecution in violation of his right against unreasonable seizures as guaranteed by the Fourth Amendment to the U.S. Constitution.  As a result, Plaintiff Morgen Johnson is entitled to damages pursuant to Title 42 U.S.C. section 1983, et seq. in an amount to be proven at trial.

36.   As a further result of the acts alleged above, particularly the act of unlawfully entering the property and home of Plaintiffs, the act of searching the home without a warrant, the act of remaining in the home and continuing to search and take photographs in the home without a warrant, and the act of executing searches and seizures on Plaintiffs' property in an unreasonable manner,  Plaintiffs Morgen Johnson and Zana Licht suffered an unlawful search and seizure in their home, in violation of their constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution.  As a result, Plaintiffs Morgen Johnson and Zana Licht are entitled to damages against the individually named defendants pursuant to Title 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

37.   Defendants Meharg and Feistel are liable for the constitutional violations alleged  above, both directly and as a result of their failure to intervene and prevent or stop the constitutional violations by other deputies.

38.   As a proximate result of the acts and constitutional violations alleged above , Plaintiffs were injured in mind and body.  Plaintiff Morgen Johnson suffered the injuries described in paragraphs 25-29 above.  Plaintiff Zana Licht suffered the injuries described in paragraph 29 above.  Plaintiff Morgen Johnson suffered severe pain, suffering and emotional distress as a result of the incident itself and the injuries he suffered.  He also incurred substantial medical bills and lost earnings.  Mr. Johnson also suffered severe emotional distress and economic losses as a result of his wrongful arrest, having to defend false criminal charges and now having a felony arrest record.  Plaintiff Zana Licht suffered emotional distress as a result of the violation of her constitutional rights as described above.

39.   In committing the acts alleged above, Defendants Meharg and Feistel acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings and safety of Plaintiffs, and by reason thereof Plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial.

10

## SECOND CAUSE OF ACTION

[42 U.S.C. § 1983 Constitutional Violations via Unlawful Policies,

Customs or Habits, Against Defendant County of San Diego]

40.  Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 39 above as though fully set forth herein.

41.  On information and belief, Plaintiffs allege that defendant County of San Diego, through its sheriff's department, has unlawful policies, customs and habits of improper and inadequate hiring, training, retention, discipline and supervision of its sheriff's deputies, proximately causing the constitutional deprivations, injuries and damages alleged in the First Cause of Action.  Plaintiffs are further informed and believe that other citizens have been treated unlawfully and abused by sheriff's deputies, but the County, through its sheriff's department, has a custom, policy or practice of failing to properly investigate citizen complaints and failing to take corrective or disciplinary action against deputies who act improperly,  thus leading to, and causing, the constitutional violations against Plaintiffs as described above.   As a result, Plaintiffs are entitled to damages pursuant to Title 42 U.S.C. § 1983, in an amount to be proven at trial.

42.  Further, on information and belief Plaintiffs allege that defendant County of San Diego, through its sheriff's department, has an unlawful policy, custom or habit of permitting or condoning unlawful searches and seizures, false arrests and the unnecessary and excessive use of force by sheriff's deputies, including Deputies Meharg and Feistel, and of permitting, condoning and failing to take action against deputies who commit acts of excessive force or unlawful search and seizure.

43.  Defendant County has a further unlawful policy, custom and habit of inadequate training, supervision and disciplining of errant sheriff's deputies, including the deputies involved in this incident.  The inadequate training,

11

inadequate supervision and improper policies includes training and policies relating to 1) warrantless detentions and arrests of citizens who are doing nothing more than exercising their First and Fourth Amendment rights, 2) use of excessive force by deputies, 3) use of police dogs to bite people, and 4) writing false police reports as a method of covering up acts of excessive force and other improprieties by sheriff's deputies. Plaintiffs are informed and believe that Deputies Meharg and Feistel, and other deputies, have received grossly inadequate training regarding a citizen's constitutional right to question or protest the acts of deputies without thereby risking arrest or assaults by deputies as a result of doing so.

44. Defendant County, through it's sheriff's department, has a further unlawful policy, custom and habit of discouraging citizen complaints against errant deputies and failing to properly investigate citizen complaints against sheriff's deputies, including complaints of false arrest, excessive force and unlawful searches and seizures. Plaintiffs are informed and believe that defendant County and its sheriff's department have refused to investigate, or have inadequately investigated, numerous complaints of false arrest, excessive force and unlawful searches and seizures made by citizens against its sheriff's deputies over many years, including complaints that resulted in substantial jury verdicts against the deputies and the County.

45. These policies and failures constituted ratification of, and acquiescence in, acts of excessive force, false arrest, unlawful search and seizure, unjustified dog bites and other improprieties by sheriff's deputies, such as those which are alleged in the First Cause of Action. These policies, acts and omissions have encouraged deputies to continue to make false arrests, use excessive force and commit additional improprieties, then attempt to get away with it by writing false reports and charging the victims with false crimes, which lead the sheriff's department's internal affairs division to refuse to investigate the victim's legitimate complaint. These policies and failures were the moving force behind

12

the injuries suffered by Plaintiffs, constituted ratification by the County and its sheriff's department and also constituted deliberate indifference to the rights and safety of Plaintiffs and other members of the public.

46.  As a proximate result of the unlawful policies, customs and habits alleged above, Plaintiffs suffered the constitutional violations, injuries and damages alleged in the First Cause of Action, and thus Plaintiffs are entitled to general and compensatory damages against defendant County of San Diego in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against defendants and each of them as follows:

1.  For general and compensatory damages against defendants and each of them in an amount to be proven at trial;

2.  For exemplary and punitive damages against Defendants Meharg and Feistel only, in an amount to be proven at trial;

3.  For costs of suit herein, including reasonable attorneys fees; and

4.  For such other relief as the Court deems proper.

Dated: March 18, 2014

**/s/ Michael R. Marrinan**
Attorney for Plaintiffs
E-mail: mrmarrinan@aol.com

Plaintiffs hereby request a jury trial in this action.

Dated: March 18, 2014

**/s/ Michael R. Marrinan**
Attorney for Plaintiffs
E-mail: mrmarrinan@aol.com

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MORGEN JOHNSON and ZANA LICHT

### DEFENDANTS
COUNTY OF SAN DIEGO, RICHARD MEHARG, KENNETH FEISTEL, and DOES 1-25

**(b)** County of Residence of First Listed Plaintiff    SAN DIEGO
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael R. Marrinan, Esq. Law Offices of Michael R. Marrinan
225 Broadway, Ste. 1460, San Diego, CA 92101 (619) 238-6900

Attorneys *(If Known)*

'14CV0616 LAB KSC

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1983- Civil Rights Violations
Brief description of cause:
Excessive force and false arrest by police officers

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ Damages According to Proof

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE  3-18-2014

SIGNATURE OF ATTORNEY OF RECORD  *Michael Mn*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____